STATE of Missouri, Respondent,

v.

Broderick HAWKINS, Appellant.

No. 72879.

Missouri Court of Appeals,
Eastern District,
Division One.

July 31, 1998.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Broderick Hawkins ("defendant"), appeals from the judgment of conviction entered by the Circuit Court of the City of St. Louis after a jury found him guilty of first degree murder (Count I), RSMo section 565.020.1,[1] first degree assault (Count III), RSMo section 565.050, and two counts of armed criminal action (Counts II and IV), RSMo section 571.015. The judgment is affirmed in part and amended in part.

On appeal, defendant argues the trial court erred when it entered a written sentence and judgment which materially differed from the oral sentence. At the oral pronouncement of sentence, the trial court sentenced defendant to life imprisonment without the possibility of probation or parole for first degree murder, and consecutive terms of life imprisonment on the remaining counts. However, the trial court's written sentence states defendant is sentenced to "life without parole" on each of the four counts. Additionally, the written sentence reflects the terms for the murder and for both armed criminal action counts are to be served consecutively, while the written sentence on the remaining count, first degree assault, does not indicate how the term is to be served.[2]

Generally, where the written sentence differs from the sentence orally imposed, the oral pronouncement controls unless the record shows the oral sentence is not materially different than the written one, or the trial court had no discretion to enter a sentence different from the written one. *Johnson v. State*, 938 S.W.2d 264, 265 (Mo. banc 1997). Here the state concedes the trial court erred in entering a written sentence which materially differs from the oral sentence. Accordingly, defendant's sentence is amended to reflect the trial court's intent

defendant serve life sentences on Counts II, III, & IV, each of the four terms consecutive to the others. *See State v. Williams*, 797 S.W.2d 734, 738 (Mo.App. W.D.1990).

With respect to defendant's remaining arguments and points, we have reviewed the briefs of the parties, the legal file, and the transcript. As no jurisprudential purpose would be served by a written opinion, we affirm the judgment in all other respects pursuant to Rule 30.25(b).

Based on the foregoing, the judgment and sentence of the trial court is modified to impose sentences of life imprisonment on each of Counts II, III, and IV, with all counts to run consecutively. The judgment is affirmed in all other respects.

GRIMM, P.J., and PUDLOWSKI, J., concur.

---

1. All statutory references are to RSMo 1994.

2. It appears the trial court initially put an "x" in the box for "concurrent" terms on each of the four counts, then realizing its error, went back and filled in the boxes to eliminate the "x." The trial court then marked the boxes for "consecutive" terms as to the murder and the armed criminal action counts, but left blank the "consecutive" term box on the remaining first degree assault count of defendant's conviction.