STATE of Missouri,
Respondent/Respondent,

v.

Travis HAUGHTON,
Defendant/Appellant.

No. ED 82072.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 23, 2004.

J. Gregory Mermelstein, Columbia, MO, for appellant.

Andrea K. Spillars, Charnette D. Douglass, Assistant Attorney General, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Defendant, Travis Haughton, appeals from a judgment entered on a jury verdict finding him guilty of two counts of assault on a law enforcement officer in the first degree, in violation of Section 565.081.1 RSMo (2000), two counts of armed criminal action, in violation of Section RSMo 571.015 RSMo (2000), and burglary in the first degree, in violation of Section 569.160 RSMo (2000). The trial court found defendant to be a persistent offender and sentenced him to thirty years imprisonment on the first assault count and thirty years imprisonment on the first armed criminal action count, to be served consecutively. It further sentenced defendant to thirty years imprisonment on the second assault count, thirty years imprisonment on the second armed criminal action count, and thirty years imprisonment on the burglary count, to be served concurrently with each other and concurrently with the sentences on the first assault and first armed criminal action counts. The court further ordered that these sentences were to be served consecutively with a thirty-year

sentence that defendant was serving in another case.

The charges arose from an incident in which defendant broke into an apartment and shot at two of the police officers pursuing him. On appeal, defendant claims that the court erred in 1) overruling his motion to suppress his audiotaped statement, 2) prohibiting defendant from cross-examining Officer Valerie Mitchell about her failure to appear on the day she was originally scheduled to testify, and 3) overruling defendant's motion for acquittal on the burglary count because there was insufficient evidence to prove defendant's purpose. Defendant further asserts that the trial court plainly erred in 4) issuing a written sentence of thirty years on the burglary count after pronouncing an oral sentence of ten years on that count, 5) not *sua sponte* dismissing the armed criminal action counts because the information charging the offenses omitted the requisite mental state, and 6) submitting jury instructions 7 and 13 to the jury, which used "knowingly" rather than "purposely" as the requisite mental state for armed criminal action. Plaintiff also raised a seventh point, which he now concedes should be denied.

The state concedes that the trial court plainly erred in its sentence on the burglary count. At sentencing, the trial court orally sentenced defendant to ten years for the offense of burglary in the first degree. However, the trial court's written sentence imposed a term of thirty years for the same offense. When "the written sentence differs from the sentence orally imposed, the oral pronouncement controls unless the record shows the oral sentence is not materially different than the written one, or the trial court had no discretion to enter a sentence different from the written one." State v. Hawkins, 973 S.W.2d 179, 180 (Mo.App.1998). Accordingly, we modify defendant's sentence to reflect the trial court's intent that defendant serve ten years on Count XV, burglary in the first degree.

With respect to defendant's remaining points, we have reviewed the briefs of the parties, the legal file, and the transcript. No jurisprudential purpose would be served by a written opinion. We therefore affirm the judgment in all other respects pursuant to Rule 30.25(b).

The judgment and sentence of the trial court is modified to impose a sentence of ten years imprisonment on Count XV to be served concurrently with Counts I, II, V, and VI and consecutively with the sentence imposed in Case No. 001–2016. The judgment is affirmed as so modified.