STATE of Missouri, Respondent,

v.

Tony J. BOMMARITO, Appellant.

Tony J. BOMMARITO, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60008, 61705.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 6, 1993.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Judge.

Tony J. Bommarito ("Defendant") was charged by an amended information filed February 13, 1991 with rape, § 566.030 RSMo. (Cum.Supp.1990), three counts of armed criminal action, § 571.015 RSMo. (1986), and two counts of sodomy, § 566.-060 RSMo. (Cum.Supp.1990), all as class A felonies. Defendant was found guilty by a jury and sentenced as a prior offender as follows: thirty years imprisonment on the lesser included offense of unclassified forcible rape, life imprisonment on each of the two sodomy charges, thirty years on one armed criminal action charge and fifty years on another armed criminal action charge, all to run consecutively. Defen-

dant was acquitted of one count of armed criminal action.

On appeal, Defendant argues the trial court erred in: 1) admitting evidence of other uncharged crimes; 2) failing to declare a mistrial, *sua sponte*, for improper closing argument by the prosecution; 3) submitting a jury instruction incorrectly defining "reasonable doubt;" 4) subjecting Defendant to double jeopardy with respect to the two armed criminal action counts; 5) relying on the prosecution's incorrect statement of the applicable range for sentencing; and 6) denying Defendant's 29.15 motion for ineffective assistance of counsel. We affirm.

■ Upon review, the Court accepts as true all of the evidence and inferences drawn therefrom that are favorable to the state, and disregards all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). Defendant and Victim were both employed at Hardee's Restaurant in St. Charles, Missouri. Defendant reported for work at approximately 7:00 p.m. on May 17, 1990. The Assistant Manager refused to allow Defendant to work because he had been drinking. Defendant left and returned to Hardee's at approximately 10:00 p.m. appearing extremely drunk.

At that time Defendant began to systematically assault various women at Hardee's. Defendant assaulted the Assistant Manager by touching her breasts and buttocks. To avoid Defendant, she had to lock herself in the office. Defendant then grabbed another female employee's breasts from behind, tried to make her kiss him by sticking his tongue into her mouth and later forced her head into his lap. Defendant also forcibly "french kissed" a third female employee in the presence of her father. Finally, Defendant asked a male employee and his female friend to drive him to Victim's apartment, during which time he tried to give the female an unwanted back rub.

The three arrived at Victim's apartment complex at approximately midnight. The male helped Defendant, who had difficulty walking, locate Victim's apartment by knocking on several doors. When Victim finally answered, the male and his female friend left and returned to Hardee's.

Victim thought Defendant had brought her a work schedule which she had unsuccessfully tried to obtain earlier that evening and allowed Defendant to enter. Defendant obtained a knife from the kitchen and forced Victim to have sexual intercourse with him. Defendant then forced Victim to engage in anal intercourse by holding a screwdriver to her stomach. Lastly, Defendant forced her to perform oral sex on him by threatening to "bust her head open" with a hammer. Defendant then passed out and Victim left.

Victim drove to Hardee's to get help as she did not have a phone in her apartment. The police were dispatched to the Victim's apartment where they found Defendant lying nude on the living room sofa. The officers found a hammer and a screwdriver within arm's length of the sofa and a knife on the kitchen counter. Defendant denied having any sexual contact with Victim and stated he was asked by Victim to remove his dirty clothes before lying down on the sofa. The officers reported there was an odor of alcohol on the Defendant.

■ Defendant argues the trial court erred in allowing the prosecuting attorney to present testimony that Defendant had grabbed, fondled and forcibly kissed other women that evening because the jury may have improperly based the conviction on these prior bad acts. The general rule is that admission of evidence of prior uncharged misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993). However, evidence of other crimes is admissible if it tends to establish motive, intent, identity, common scheme or plan or absence of mistake or accident. *State v. Engleman*, 653 S.W.2d 198, 199 (Mo.1983). This is not an exclusive list of exceptions to the general rule. *State v. Sladek*, 835 S.W.2d 308, 312 (Mo. banc 1992).

■ Assuming the testimony presented at trial constituted prior crimes or wrongs, we find that it was relevant to establish the

motive and intent of Defendant on the evening the crime occurred. Defendant's intent and motive that night was sexual gratification and the evidence of his repeated forcible and unwanted attempts to obtain such gratification *on the evening in question and immediately prior* to the sexual attack upon Victim was probative, albeit circumstantial, evidence of his motive, intent and state of mind in forcing himself on Victim. *See State v. Seemiller*, 775 S.W.2d 273, 275 (Mo.App.1989). This is not a case in which the State was seeking to use remote and unconnected incidents to establish some general proclivity or predisposition for sexual assault, nor was it offered in an attempt to establish a common scheme or plan. Rather, such evidence was offered and properly admitted for the purpose of establishing Defendant's mental state as evidenced by his actions just prior to the incident for which he was being tried. Such evidence inferentially tended to corroborate Victim's testimony about Defendant's actions and intent at the time of the crime. Defendant's Point I is denied.

In his second point on appeal, Defendant claims the trial court erred by not declaring a mistrial, *sua sponte*, because an improper statement by the prosecution caused him prejudice. The prosecution stated "I am sure [Victim] has realized that going upstairs to wash herself probably put her at increased risk of being attacked by this defendant again." Defendant claims that this statement may have caused the jury to improperly convict him based on speculation of what he may do in the future, not what he has already done. *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo. 1970).

Defense counsel failed to object to this statement at trial. Therefore, Defendant requests plain error review. Plain errors affecting substantial rights may be considered in the discretion of the court if manifest injustice or miscarriage of justice results. Rule 29.12(b). We find no error, plain or otherwise. The statement made by the prosecutor did not intimate that the jury should convict Defendant so he will

not be able to commit future crimes. Rather, the statement referred to the night of the alleged crime, not the future, and was made in retaliation to an argument made by defense counsel. In that argument, defense counsel made reference to Victim's testimony that, prior to leaving the apartment and summoning the police, Victim took the time to wash herself and to put on clean clothes. Defense counsel argued that such actions were in conflict with Victim's testimony that she was in fear of her life and afraid of rousing Defendant who was asleep on the couch. Viewed in its proper context, it is clear that the prosecutor's statements about Victim's fear of "being attacked by this defendant again" referred to Victim's fear of further attacks on the evening in question and not to some unspecified future time. Therefore, this statement was not objectionable and did not amount to a manifest injustice or miscarriage of justice. Point II denied.

In his third point, Defendant contends that the trial court erred in giving an instruction patterned after MAI–CR3rd 302.04 which defines proof beyond a "reasonable doubt" as proof that leaves one "firmly convinced" of the defendant's guilt. Defendant claims *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), invalidates the use of MAI–CR3rd 302.04 because it impermissibly lowers the burden of proving Defendant's guilt. This contention has been specifically considered and rejected by the Missouri Supreme Court. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993). Point III denied.

In Point IV, Defendant claims the submission of the two armed criminal action counts in addition to the two forcible sodomy counts subjected him to double jeopardy. More specifically, Defendant argues that because the elements of armed criminal action are totally subsumed in the elements of forcible sodomy, a conviction of both results in multiple punishments for the same offense. Defendant claims that this violates Article I, § 19 of the Missouri Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

In *Missouri v. Hunter*, the Supreme Court held that "with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983). Defendant recognizes that in the context of crimes other than forcible sodomy, the court has determined that the legislature did intend multiple punishments to be imposed when § 571.015 is invoked and found no violation of double jeopardy. *State v. Kirksey*, 725 S.W.2d 611, 614 (Mo.App. 1987). However, Defendant claims that a different result should be reached when forcible sodomy is the underlying offense. We find no distinguishing characteristics to support such a contention. *See also State v. Walker*, 783 S.W.2d 145, 149 (Mo.App. 1990) (conviction of forcible rape, forcible sodomy and armed criminal action does not violate double jeopardy rights). Point IV denied.

■■■ Next, Defendant claims the trial court erred in sentencing him to thirty years on the forcible rape count because the prosecutor incorrectly stated that the range of punishment was "ten to thirty years, or life," rather than life imprisonment or a term of not less than five years, the correct range. Defendant failed to preserve this issue for appeal because he neither objected to this incorrect statement nor included the objection in the motion for new trial. Therefore, Defendant requests plain error review. To succeed under plain error Defendant has the burden of establishing manifest injustice or miscarriage of justice. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991). The determination of whether plain error exists must be based on a consideration of the facts and circumstances of each case. *Id.*

Defendant was sentenced to a term of thirty years on the rape count. Defendant claims the fact that this sentence fell within the correct range of punishment is irrelevant, citing *State v. Cline, supra*. This is a misrepresentation of the analysis in *Cline*, which is readily distinguishable from the case at bar.

In *Cline*, the question before the court was whether it was reversible error to incorrectly instruct a *jury* as to the applicable range of punishment. *Id.* at 824. The court cited many cases where incorrect instruction of a jury was held to be reversible error, notwithstanding the fact the sentence assessed was within the correct range. However, the court also cited many cases where it was held the defendant was not prejudiced by the incorrect instruction. *Id.* at 825. Therefore, *Cline* recognizes that in certain situations, the defendant may not be prejudiced even when the *jury* is incorrectly informed.

In the case before us, the judge assessed the punishment, not the jury. This distinguishing factor makes the *Cline* case and the cases cited therein inapplicable. When a jury assesses punishment it is given written instructions which it is required to follow. On the other hand the judge, an expert on the law, is not given written instructions and need not follow the advice of counsel. "It is assumed that the trial court will not be confused or misled by what is irrelevant and incompetent." *State v. Leigh*, 580 S.W.2d 536, 545 (Mo.App. 1979).

■■ Defendant must prove the trial court erred and that he suffered prejudice from that error which amounts to a manifest injustice or miscarriage of justice. Defendant does not point to any evidence in the record to support a finding that the trial court relied on the prosecutor's incorrect statement. Our review of the record of the sentencing hearing and the court's judgment reveals no indication in any statements or actions of the trial court that it was under any misapprehension about the nature of the crimes for which Defendant was being sentenced or the range of punishment therefor. If the trial court did not rely on the incorrect statement there was no error. Therefore, Defendant failed to overcome the presumption that the trial court was not confused or misled by the prosecutor's incorrect statements and the point should be denied.

Further, even if the judge did rely on the prosecutor's statement, the facts and circumstances indicate that the error did not prejudice Defendant. The judge imposed the maximum sentence for both of the sodomy counts. There is ample evidence to support the judge's decision to impose the maximum punishment for the rape count as well. Had the prosecutor not misspoken, it is very possible the judge would have sentenced Defendant to the maximum term allowed. The permissible term of years which may be imposed for forcible rape is greater than the thirty year maximum that may be imposed for Class A forcible rape. *See State v. Olds*, 831 S.W.2d 713, 721–22 (Mo.App.1992). Defendant has failed to point to any evidence to show that he would have received a shorter sentence absent the prosecutor's mistake. Therefore, Defendant failed to establish that the incorrect statement by the prosecutor resulted in manifest injustice or a miscarriage of justice. Point V is denied.

In his last point, Defendant claims the trial court erred in denying his motion for post-conviction relief pursuant to Rule 29.-15. Defendant argues his trial counsel was ineffective for failing to call witnesses Debra Peterson and Steven Maple. An evidentiary hearing was held on this matter on January 15, 1992. Trial counsel testified that Debra Peterson had presented inconsistent statements prior to trial. When asked whether she had made such inconsistent statements, Debra Peterson did not deny making the statements but merely stated she could not remember. Further, counsel testified that Ms. Peterson stated that Victim had informed her that Defendant "was in her house and she wanted him out, that he threatened to kill her because she was Vietnamese, [and] that he had threatened to cut off all her toes." Counsel felt this would be damaging to Defendant's case and as a matter of trial strategy decided not to call Ms. Peterson as a witness.

The motion court held that the decision not to call Debra Peterson was based on her lack of credibility and was a very well considered trial strategy. Coun-sel's decision not to use a witness as a matter of trial strategy is virtually unchallengeable. *State v. Hamilton*, 791 S.W.2d 789, 798 (Mo.App.1990). The court also found that because movant failed to supply trial counsel with the name of Mr. Maple until after trial, counsel was not ineffective for failing to call him as a witness.

Appellate review of a denial of post-conviction relief is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Vinson*, 800 S.W.2d 444, 448 (Mo. banc 1990). The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Id.* We find that the motion court's findings with regard to trial counsel's failure to call Ms. Peterson and Mr. Maple are supported by the evidence and are not clearly erroneous. Defendant's Point VI is denied.

For the foregoing reasons, Defendant's conviction and the denial of his Rule 29.15 motion are affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.