**In re Ernest THOMAS, Petitioner,**

v.

**Dave DORMIRE, Superintendent, Respondent.**

**No. WD 52802.**

Missouri Court of Appeals, Western District.

Feb. 18, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 1997.

Ernest Thomas, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and HANNA and SMART, JJ.

BRECKENRIDGE, Presiding Judge.

Ernest Thomas was convicted by a jury of three counts of the class B felony of selling cocaine base, a controlled substance, in violation of § 195.211, RSMo 1994.[1] After his conviction, the trial court sentenced Mr. Thomas to three consecutive thirty-year prison terms. In his petition for a writ of habeas corpus, Mr. Thomas argues that since the court's oral pronouncement of sentence and the written sentence and judgment do not reflect a finding to support an extended term of imprisonment, his sentence exceeded the maximum sentence of fifteen years for each class B felony. Because the trial court found that Mr. Thomas was a persistent offender, and the record supports the conclusion that the trial court was sentencing Mr. Thomas as a persistent offender to an extended term, the petition is denied.

---

1. All statutory references are to the Revised Statutes of Missouri 1994.

On February 25, 1992, Mr. Thomas went to trial on three counts of the class B felony of sale of a controlled substance. Before the jury received the case, the trial court considered the State's charge that Mr. Thomas was a prior, persistent and a class X offender, as well as a prior and persistent drug offender. The State presented evidence that Mr. Thomas pleaded guilty to two counts of sale of a controlled substance on April 26, 1976. The State also presented evidence that Mr. Thomas pleaded guilty to second degree burglary on October 31, 1975, and was convicted of seven counts of first degree robbery on April 22, 1977. Mr. Thomas served more than 120 days in prison for each conviction.

After hearing this evidence, the trial court found that Mr. Thomas was a prior and persistent drug offender because he had pleaded guilty to two or more felony offenses related to controlled substances. The trial court also found that Mr. Thomas was a prior and persistent offender since he had pleaded or been found guilty of two or more felonies committed at different times. Finally, the trial court classified Mr. Thomas as a class X offender because he had pleaded guilty to or been found guilty of three or more felonies committed at different times.[2] Upon request of the State, the trial court made these findings beyond a reasonable doubt.

Following the jury's verdict of guilty on all three counts, the trial court sentenced him to thirty years in prison for each count. The trial court then remanded Mr. Thomas to the custody of the Department of Corrections to begin serving his sentence. During the oral pronouncement of sentence and in the written sentence and judgment, there was no reference to Mr. Thomas' status as a persistent offender.

Mr. Thomas first filed a petition for a writ of habeas corpus in the Circuit Court of Cole County, Missouri. On May 23, 1996, the circuit court denied Mr. Thomas' petition without written opinion. On June 3, 1996, Mr. Thomas filed an identical petition for a writ of habeas corpus in this court. In it, he claims that the trial court erred by sentencing him to three consecutive thirty-year prison terms, because the maximum penalty for each count of the class B felony of sale of a controlled substance is fifteen years in prison. Therefore, Mr. Thomas argues, he should have been sentenced to no more than forty-five years in the Department of Corrections.

■ Before considering the merits of Mr. Thomas' action, this court notes that Mr. Thomas should have addressed the matter of excessive sentencing in a Rule 29.15 motion. Rule 29.15(a); *Collins v. State*, 887 S.W.2d 442, 443 (Mo.App.1994). Because Mr. Thomas did not raise his claim in a Rule 29.15 motion, he is entitled to relief under habeas corpus only if the trial court lacked jurisdiction or there are "circumstances so rare and exceptional that a manifest injustice results." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993).

■ In the present action, Mr. Thomas argues that because the oral pronouncement of his sentence and the written sentence and judgment do not include the finding that he is a persistent offender, the thirty-year sentences are beyond the five to fifteen year range of imprisonment for a class B felony. Therefore, he concludes that the trial court sentenced him in excess of the maximum punishment for his crimes and he is entitled to have his sentences reduced to prevent manifest injustice.

In light of the Missouri Supreme Court's recent ruling in *Johnson v. State*, 938 S.W.2d 264 (Mo. banc 1997), Mr. Thomas is not entitled to relief. In *Johnson*, the trial court found that the defendant was pleading guilty as a prior and persistent drug offender, and that finding was reflected in the written sentence and judgment. *Id.*, at 266. At the oral pronouncement of sentence, however, the trial court did not specifically mention the defendant's status as a prior and persistent drug offender. *Id.*, at 264–265. The Supreme Court found that "where the formal pronouncement of sentence is ambiguous or, as here, silent on a particular issue, nothing prevents an appellate court from examining the entire record to determine if the oral

---

2. In 1993, the legislature amended § 558.019 by omitting the language "is a class X offender" and replacing it with "has three or more prior felony convictions committed at different times."

sentence can be unambiguously ascertained." *Id.* Since the record in *Johnson* clearly showed that the trial court was sentencing the defendant as a prior and persistent drug offender, the lack of a specific articulation of that fact at the oral pronouncement of sentence did not create error. *Id.*, at 265–266.

During Mr. Thomas' trial, the State asked the court to take up the issue that Mr. Thomas was charged as a "prior offender, persistent offender, class X offender and prior and persistent drug offender." The court heard evidence of Mr. Thomas' prior criminal record. At the conclusion of the evidence, the trial court specifically found that Mr. Thomas was a prior and persistent drug offender and a prior, persistent and class X offender.

At sentencing, the Prosecutor noted that Mr. Thomas had been found to be a persistent offender. He advised the court that he believed this raised the offenses from B felonies to A felonies, and he asked that the court impose a sentence of life in prison. The court sought to clarify the applicable range of punishment, and was advised by the Prosecutor that it was ten to thirty years or life in prison. When defense counsel was asked if that was correct, he responded, "I believe so." The Prosecutor then reiterated that since Mr. Thomas was a persistent offender, he believed the offense was a class A felony, rather than a B felony. The court gave defense counsel an opportunity to respond, but he declined. After hearing from Mr. Thomas, the court sentenced Mr. Thomas to thirty years on each of the three offenses, and ordered the sentences to be served consecutively.

■ This record clearly supports the conclusion that the trial court based its sentence on the penalty-enhancement provisions for persistent offenders found in § 558.016. Section 558.016 gives the trial court the authority to impose an extended term of imprisonment for defendants who are "persistent offender[s]." *See State v. Magee*, 911 S.W.2d 307, 313 (Mo.App.1995). Mr. Thomas was correctly found to be a "persistent offender" because he had "pleaded guilty to

or has been found guilty of two or more felonies committed at different times." Section 558.016.3. The maximum term of imprisonment for a persistent offender guilty of a class B felony is thirty years. Section 558.016.7. Although the State and defense counsel incorrectly advised the court that the maximum sentence was life in prison, these misstatements only constitute error if they were relied upon by the trial court. *State v. Bommarito*, 856 S.W.2d 680, 684 (Mo.App.1993). There is the presumption that the trial court will not be confused or misled by what is irrelevant or incorrect, and the record of the sentencing does not refute this presumption. *Id.* Contrary to Mr. Thomas' claim, the trial court did not sentence him in excess of the maximum sentence. Therefore, there was no error by the trial court, manifest or otherwise. Mr. Thomas' petition for a writ of habeas corpus is denied.

All concur.