STATE of Missouri, Respondent,

v.

John E. FIZER, Appellant.

No. WD 62144.

Missouri Court of Appeals,
Western District.

Nov. 18, 2003.

Irene C. Karns, Esq., Columbia, MO, for Appellant.

John M. Morris, III, Esq., Jefferson City, MO, for Respondent.

Before ELLIS, C.J., HAROLD L. LOWENSTEIN and HOWARD, JJ.

HAROLD L. LOWENSTEIN, Judge.

The appellant was charged with two separate offenses: stealing and possession of drug paraphernalia. He was tried and convicted on both counts. Appellant does not contest either conviction; rather, he contends that the trial court exceeded its jurisdiction by sentencing him to ten years for the possession of drug paraphernalia conviction—a class A misdemeanor that carries a maximum sentence of one year.

At the sentencing hearing, the trial court sentenced the appellant to one year for possession of drug paraphernalia. However, the written judgment does not reflect the actual sentence imposed by the court. Instead, the written judgment indicates that the appellant's sentence is ten years for his conviction for possession of drug paraphernalia.

This is clearly a clerical mistake in recording the sentence imposed on the appellant. "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." Rule 29.12(c). *Nunc pro tunc* orders are properly used to correct an error or inadvertence in the recording of that which was actually done but, because of the error or inadvertence, was not properly recorded. *Eckhoff v. Eckhoff,* 71 S.W.3d 619, 623 (Mo.App.2002). The attorney general readily agrees to the correction to remedy the written judgment.

This court affirms the conviction but remands the judgment to the trial court for the sole purpose of entering a *nunc pro* *tunc* order to correct the written judgment so as to reflect the one year sentence imposed by the trial court for appellant's conviction for possession of drug paraphernalia.

All concur.