STATE of Missouri, Respondent,

v.

Violet JACKSON, Appellant.

No. ED 84350.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 2005.

Gwenda R. Robinson, Jo Ann Rotermund (co-counsel), St. Louis, MO, for appellant.

Deborah Daniels, Lisa M. Kennedy (co-counsel), Jefferson City, MO, for respondent.

## OPINION

GLENN A. NORTON, Judge.

Violet Jackson appeals the judgment entered on her convictions for possession of cocaine base and marijuana. She challenges the sufficiency of the evidence to support these convictions and the discrepancy between the oral and written sentences. We affirm the convictions, but remand for correction of the sentences.

### I. BACKGROUND

After a jury trial, Jackson was convicted for possessing drugs found loosely wrapped in a newspaper on the center console of her car; Jackson was alone in the parked car at the time. At the sentencing hearing, the court pronounced Jackson's sentences as follows: five days imprisonment for the cocaine base conviction and one day imprisonment for the marijuana conviction. Then, the court stated that it was willing to suspend execution of those sentences and put Jackson on probation with certain conditions. In describing these conditions, the court noted that probation would be one year. The court asked Jackson if she would rather be on probation or go to jail for a week. She accepted probation. The court stated that execution of the sentences was suspended, and placed Jackson on probation for one year. Jackson asked for clarification that the suspended term of imprisonment was five days. The court indicated that the terms of imprisonment were actually seven days on the cocaine base conviction and five days on the marijuana conviction, that

execution of those sentences was suspended and that "she'll be on probation for a year." The court explained further that if Jackson did not comply with the conditions of probation, then it was likely she would go to jail for a week. Consistent with this clarification, the written judgment imposed seven days imprisonment on the cocaine base conviction and five days imprisonment on the marijuana conviction and suspended execution of each of these sentences. But it indicated that the term of probation was *two years*. Jackson appeals.

## II. DISCUSSION

In Jackson's first point on appeal, she challenges the sufficiency of the evidence that she knowingly and consciously possessed the drugs. We have reviewed the parties' briefs and the record on appeal and find no error. Point I is denied. No jurisprudential purpose would be served by further written opinion on this issue. *See* Rule 30.25(b).

■■■ Jackson's second point relates to the discrepancy between the term of probation pronounced at the sentencing hearing and the one imposed in the written judgment. When the written sentence differs materially from the sentence orally imposed, the oral pronouncement generally controls. *State v. Haughton*, 130 S.W.3d 725, 726 (Mo.App. E.D.2004). Although there may have been some misunderstanding about the suspended terms of imprisonment, the court clearly intended to impose a one-year term of probation. The only mention of a two-year term of probation was in the State's recommendations. But the court's explanation of probation to Jackson, its pronouncement and its clarification of that pronouncement all

refer to the length of probation as one year. Thus, the reference to a two-year term of probation in the written judgment was a clerical mistake in the recording of the sentence. Where, as here, the judge's intentions are clear from the record, clerical mistakes like this may be corrected by a *nunc pro tunc* order. *See generally State v. Carrasco*, 877 S.W.2d 115, 117 (Mo. banc 1994); *see also State v. Fizer*, 119 S.W.3d 640, 641 (Mo.App. W.D.2003) (remand to correct clerical error in judgment imposing ten-years to reflect one-year imposed at hearing); *see also* Rule 29.12(c). A limited remand is necessary in this case for correction of the written judgment to reflect the sentence imposed at the hearing.

Point II is granted.

## III. CONCLUSION

The judgment is affirmed under Rule 30.25(b). The case is remanded for the sole purpose of entering a *nunc pro tunc* order correcting the written judgment to state that the term of probation is one year.[1]

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.

■■■

---

1. Contrary to the State's contention, further clarification of the trial court's intention with respect to probation is not needed, and its motion for remand is denied.