STATE of Missouri, Respondent,

v.

Marc D. LAZAR, Appellant.

No. ED 86266.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 25, 2005.

Application for Transfer to Supreme Court
Denied Nov. 29, 2005.

Application for Transfer Denied
Feb. 28, 2006.

Dora A. Fichter, Shaun J. Mackelprang (co-counsel), Jefferson City, MO, for respondent.

Alan S. Cohen, Clayton, MO, for appellant.

### OPINION

GLENN A. NORTON, Chief Judge.

Marc Lazar appeals the denial of his motion to correct *nunc pro tunc* the written suspended execution of sentence

("SES"), claiming that the trial court orally pronounced a suspended imposition of sentence ("SIS"). We affirm.

## I. BACKROUND

Lazar pled guilty to statutory sodomy and statutory rape. At the sentencing hearing, the trial court told Lazar that the ten-year prison sentence recommended by the State was disproportional and would serve no purpose in this case:

Now, I've told the lawyers in this case that I don't think under all of these circumstances that it would serve a purpose to send you to the penitentiary. And I'm not intending to. Not for ten years, not for five years, which is the minimum sentence. I'm not going to do that. I don't think it would be the right result, the proportionate result here.

In response to defense counsel's request to suspend imposition of any sentence, however, the court stated:

Now, what about this suspended imposition of sentence? Well, Mr. Lazar, as I've said a number of times, things look different depending on your point of view.

We have certain offenses, not crimes against persons, you know, check cases, credit card cases, stealing cases, maybe drug possession cases, and a variety of others, where we say, well, it's not really a crime against another person, there isn't any specific harm to this other person. Maybe we could see our way clear to not imposing a sentence and just deferring the person to probation.

I don't feel that that's appropriate in a crime against a person like this. This is a crime against a person. And you have done severe damages to another human being. That's my opinion. And I don't have any doubt about it. . . .

The court went on to describe the harm Lazar caused to the victim and concluded

"for that, you do not walk out of the courthouse with a clean slate, no conviction, no sentence imposed, walk away and deal with the other consequences."

Thereafter, the trial court stated:

I've told the attorneys that I'm going to suspend the sentence that the State has recommended. I'm not going to impose that sentence. It will be suspended. And you will be granted probation. And more specifically, the recommended sentence of ten years on each count will be suspended.

The court told Lazar that he would be placed on probation with certain conditions, including registration as a sex offender, counseling and 120–day shock incarceration. The court denied Lazar's request to serve the shock incarceration under his family's supervision, reminding Lazar that his sentence was already an "extremely generous" break. "[W]hat the Court is proposing is no penitentiary sentence, and instead, a hundred twenty days in the County Jail." The court then repeated that it would be wrong to let Lazar go without any consequences: "I think it would be a poor statement to this young girl and her family that you can come in, hire a lawyer, plead guilty, walk out, no jail sentence imposed."

That day, the written sentence and judgment was entered, sentencing Lazar to ten years imprisonment on each count, but suspending execution of those sentences and placing him on five years probation. Lazar moved for an order correcting the written sentence *nunc pro tunc* to reflect the SIS that he alleged was pronounced at the sentencing hearing. The court denied that motion, and Lazar appeals.

## II. DISCUSSION

Lazar argues that the written SES was inconsistent with the court's oral

pronouncement that it was "not going to impose" a sentence. Generally, the trial court must enter its written judgment and sentence as orally pronounced. *State v. Hunter*, 43 S.W.3d 336, 342 (Mo.App. W.D. 2001). To the extent that the oral pronouncement controls over the written sentence, such a rule does not apply where: (1) the record shows that the oral pronouncement was not materially different from the written sentence or (2) the judge had no discretion to pronounce a sentence other than the written sentence. *Johnson v. State*, 938 S.W.2d 264, 265 (Mo. banc 1997). In determining whether the oral pronouncement and written sentence are materially different, "the first step is to determine what the oral sentence actually was." *Id.*

> Obviously, a clear statement following the words "I sentence you to ..." is decisive. But where the formal oral pronouncement of sentence is ambiguous or ... silent on a particular issue, nothing prevents an appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained.

*Id.*

Here, the parties disagree about whether the court pronounced an SIS or an SES at the sentencing hearing. When the court disposes of a case by SIS, no sentence is imposed, whereas in the case of an SES a sentence is imposed, but the execution is suspended. *State ex rel. Popowich v. Conley*, 967 S.W.2d 294, 297 (Mo.App. W.D.1998); *see also* sections 557.011.2(3) and (4) RSMo 2000 (court may "suspend the imposition of sentence" or "pronounce sentence and suspend its execution"). The court's formal oral pronouncement in this case was ambiguous because it could be construed as either an SIS or an SES:

> I've told the attorneys that I'm going to suspend the sentence that the State has recommended. I'm not going to impose that sentence. It will be suspended. And you will be granted probation. And more specifically, the recommended sentence of ten years on each count will be suspended.

On the one hand, "I'm not going to impose that sentence. It will be suspended." suggests that *imposition* of the sentence was being suspended. On the other hand, the court stated that it was suspending the recommended sentence of ten years. Suspending a specific sentence of a term of years of imprisonment is inconsistent with an SIS. No term of years of imprisonment or any sentence is imposed in an SIS, and, thus, there is no term of imprisonment to suspend. Suspending the recommended sentence of ten years in this case suggests that *execution* of that term of imprisonment was being suspended. As a result of the ambiguity in the court's formal oral pronouncement, we will examine the entire record to determine if the oral sentence can be unambiguously ascertained. *See Johnson*, 938 S.W.2d at 265.

The relevant portions of the sentencing hearing—set out in the background section of this opinion—clearly reveal that the court pronounced an SES, not an SIS. Most telling is the court's explanation of the situations in which an SIS is appropriate and why Lazar's case is not one of those situations; the court could not have been clearer that it believed this crime against a person was not the type of crime for which suspending imposition of any sentence was appropriate. The court's conclusion that Lazar should not escape conviction for the harm he caused to this victim also illustrates that the court did not believe an SIS was appropriate because, ordinarily, an SIS is not considered a conviction:

> The obvious legislative purpose of the sentencing alternative of suspended im-

position of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow.... Thus, with suspended imposition of sentence, trial judges have a tool for handling offenders worthy of the most lenient treatment. Worthy offenders have a chance to clear their records by demonstrating their value to society through compliance with conditions of probation under the guidance of the court.

*Yale v. City of Independence,* 846 S.W.2d 193, 195 (Mo. banc 1993). Only an SES, therefore, could ensure that Lazar received the conviction the court believed he deserved. Contrary to Lazar's characterization, the court's statements about the inappropriateness of an SIS and the importance of a conviction were not generalities—the court was talking specifically about the circumstances of Lazar's case.

Lazar also points out the court's references to not sending him to the penitentiary. But those comments were consistent with either an SIS or an SES. Under either disposition, Lazar would serve no time in prison, assuming he complied with the conditions of his probation. In the context of the rest of its statements in this case, the court was simply referring to the fact that, while the prison sentence should be imposed, instead of serving that sentence, the court would suspend execution and grant him probation instead. The whole record demonstrates the court's effort to balance the need for consequences—a conviction, some shock time in jail and probation—with the need for proportional punishment—not requiring Lazar to serve time in prison.

In sum, it is clear from this record that the trial court intended to impose a ten-year sentence and suspend execution thereof. This is what was done in the written judgment and sentence and, therefore,

Lazar's motion for a *nunc pro tunc* order changing the written SES to an SIS was properly denied. *See generally State v. Carrasco,* 877 S.W.2d 115, 117 (Mo. banc 1994) (only clerical errors in judgment may be corrected by *nunc pro tunc* order and, generally, only if judge's intention to do otherwise clearly appears in record). Point denied.

## III. CONCLUSION

The order denying the motion seeking to correct the sentence is affirmed.

ROBERT G. DOWD, JR., J. and JAMES R. REINHARD, SR., J., concurring.