STATE of Missouri,
Plaintiff/Respondent,

v.

William DAVIS, Defendant/Appellant.

No. ED 85161.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 29, 2005.

Irene Karns, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alison K. Brown, Assistant Attorney General, Jefferson City, MO, for Respondent.

OPINION

MARY K. HOFF, Presiding Judge.

William Davis (Defendant) appeals from the trial court's judgment and sentence imposed after a jury found him guilty of trafficking drugs in the second degree, in violation of Section 195.223.3(2), RSMo 2000,[1] possession of a controlled substance,

1. Subsequent statutory references are to RSMo 2000.

in violation of Section 195.202.2, and resisting arrest, in violation of Section 575.150. After finding beyond a reasonable doubt that Defendant was a prior and persistent drug offender and a prior and persistent offender, the trial court sentenced Defendant to concurrent terms of ten years for the trafficking conviction, eight years for the possession conviction, and five years for the resisting arrest conviction. We affirm the trial court's judgment only as to Defendant's convictions, pursuant to Rule 30.25(b). We reverse the trial court's judgment only as to the sentences imposed for Defendant's trafficking and possession convictions and remand for the imposition of new sentences.

■ Our review of the record indicates that the trial court's sentences concerning Defendant's possession and trafficking convictions do not comply with the mandatory statutory terms. The sufficiency of the sentence may be reviewed on appeal. *State v. Chavez*, 735 S.W.2d 127, 132 (Mo. App. W.D.1987).

■ Section 195.285 outlines the sentencing provisions for prior and persistent drug offenders who are found guilty of possession of a controlled substance, in violation of Section 195.202.2. Section 195.285.2 provides that a person found guilty of subsection 2 of Section 195.202 "shall be sentenced to the authorized term of imprisonment for a class A felony if [the trial court] finds the defendant is a persistent drug offender." The authorized sentence for a class A felony is a term of years not less than ten years and not to exceed thirty years, or life imprisonment. Section 558.011.1(1). Here, the trial court found Defendant to be a prior and persistent drug offender. According to Section 558.011, the authorized punishment for a conviction of a prior and persistent drug offender found guilty of Section 195.202.2 is not less than ten years, yet the trial

court sentenced Defendant to only eight years on his possession conviction. Thus, we remand the case to the trial court with instructions to sentence Defendant on this conviction in accordance with the statutory provisions.

■ With regard to Defendant's trafficking sentence, Section 195.295 provides that persons found guilty of violating subdivision 2 of subsection 3 of Section 195.223 "shall be sentenced to the authorized term of imprisonment for a class A felony, which shall be served without probation and parole, if the court finds the Defendant is a prior drug offender." At the sentencing hearing the trial judge stated it found that Defendant was a prior and persistent drug offender "which would indicate the sentences imposed would be without probation or parole." However, the written judgment and sentence does not reflect that Defendant's ten-year sentence for trafficking is without probation or parole. The general rule is that an oral pronouncement controls over the written sentence. *State v. Lazar*, 182 S.W.3d 578, 579–60, 2005 WL 2746521 *2 (Mo.App. E.D. Oct.25, 2005). Here, in its oral pronouncement, the trial court properly indicated that Defendant's sentences would be served without probation or parole. Because we already are remanding this cause for resentencing on Defendant's possession count, we likewise direct the trial court to correct its sentence and judgment as to the trafficking count to conform to its oral pronouncement and with the statutory provision.

The judgment is affirmed only as to Defendant's convictions. We have furnished the parties with a memorandum regarding our resolution of Defendant's sole point on appeal for their information only and setting forth the reasons for our decision pursuant to Rule 30.25(b). The sentences imposed for trafficking drugs in

the second degree and possession of a controlled substance are set aside and the case remanded to the trial court to resentence Defendant on those convictions consistent with this opinion.

CLIFFORD H. AHRENS and PATRICIA L. COHEN, JJ., Concur.