

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| AMINADAB JOHNSON, | ) | No. ED101154 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1222-CC10557 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas C. Grady |
| | ) | |
| Respondent. | ) | Filed:  October 21, 2014 |

Aminadab Johnson appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief.  We reverse the motion court's judgment, vacate Johnson's sentence on Count II (class C felony stealing), and remand with directions to resentence Johnson as to Count II only.

## I.    BACKGROUND

On September 14, 2012, Johnson, a persistent offender, pled guilty to a total of seventeen counts, consisting of ten misdemeanors and seven felonies.

The court's formal oral pronouncement of sentence stated that Johnson was sentenced to six months' imprisonment for each misdemeanor count.  The court's formal oral pronouncement of sentence also stated that Johnson was sentenced to either five or twelve years' imprisonment

---

[1] All references to Rules are to Missouri Supreme Court Rules (2014).

for each felony count except for Count II. As to Count II (class C felony stealing), the trial court stated that for "Count II, the misdemeanor theft, [Johnson] is sentenced to six months."

The trial court subsequently entered a written judgment and sentence stating that Count II was a count for class C felony stealing and that the court was imposing a twelve-year sentence on Count II instead of the six-month sentence that the court orally pronounced.

Thereafter, Johnson filed a pro se and an amended Rule 24.035 motion for post-conviction relief. The motion alleged that the trial court erred by imposing a written sentence and judgment on Count II that materially differed from its oral pronouncement, and the motion requested a *nunc pro tunc* order and the entry of an amended written sentence and judgment reflecting the court's oral pronouncement of a six-month sentence on Count II. The motion court denied Johnson's Rule 24.035 motion for post-conviction relief. Johnson appeals.

## II. DISCUSSION

We review the denial of a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Simmons v. State*, 432 S.W.3d 306, 307 (Mo. App. E.D. 2014). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Simmons*, 432 S.W.3d at 307-08.

In his sole point on appeal, Johnson contends the motion court erred in denying his Rule 24.035 motion for post-conviction relief. Johnson specifically asserts the motion court clearly erred in denying his claim that the written sentence and judgment imposing a twelve-year sentence on Count II (class C felony stealing) is erroneous because it does not reflect the trial court's oral pronouncement of a six-month sentence on that count. We agree, and the State concedes this error. *See Rupert v. State*, 250 S.W.3d 442, 448 (Mo. App. E.D. 2008) (because

2

"[a] defendant has a right to be present at the time of sentencing," the trial court's written sentence and judgment should generally reflect the court's oral pronouncement of sentence given to the defendant) (quotation omitted)). However, the parties disagree on the proper remedy. Johnson maintains our Court should remand this case to the motion court to enter a corrected written judgment via a *nunc pro tunc* order reflecting the oral sentence of six months on Count II, while the State contends we should remand for resentencing on Count II. For the reasons set forth below, we agree with the State and remand this case for resentencing on Count II.

When a court's written sentence materially differs from the formal oral pronouncement of sentence, the formal oral pronouncement controls if it is unambiguous. *See State v. Carroll*, 207 S.W.3d 140, 143 (Mo. App. E.D. 2006); *Hall v. State*, 190 S.W.3d 533, 535 (Mo. App. E.D. 2006); *Cf. Johnson v. State*, 938 S.W.2d 264, 265 (Mo. banc 1997) ("[a]ssuming, without deciding, that the oral sentence always controls over the written sentence when they are irreconcilable," finding two exceptions to the rule,[2] and stating "where the formal oral pronouncement is unambiguous, it controls"). For example, if the written sentence and the oral pronouncement of sentence materially differ with respect to the precise amount of time a defendant is being sentenced for a particular count and the oral pronouncement is unambiguous, the oral pronouncement controls. *See, e.g.*, *State v. Harvey*, 348 S.W.3d 169, 170-72 (Mo. App. E.D. 2011) (oral sentence of fifteen years controlled over written sentence of thirty years, no reference to oral sentence having any ambiguity); *State v. Jackson*, 158 S.W.3d 857, 857-58 (Mo. App. E.D. 2005) (oral sentence of one year controlled over written sentence of two years, no reference to oral sentence having any ambiguity). In that situation, our Court has remanded

---

[2] Two exceptions to the rule that an oral sentence controls over the written sentence are, (1) when the record demonstrates the oral sentence was not materially different from the written sentence; and (2) when the trial court has no discretion to issue a sentence different from the written sentence. *Johnson*, 938 S.W.2d at 265. It is undisputed that neither exception applies to this case.

the case to the trial court to enter a corrected written judgment via a *nunc pro tunc* order which reflects the oral sentence.[3] *See, e.g., Jackson*, 158 S.W.3d at 858.

However, a *nunc pro tunc* order "is not permitted to be used to change a judgment that actually was entered but was entered erroneously." *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 65 (Mo. banc 2008). Only clerical errors in a written judgment and sentence may be corrected by a *nunc pro tunc* order and, generally, only if the court's intention otherwise appears clearly in the record. *State v. Lazar*, 182 S.W.3d 578, 581 (Mo. App. E.D. 2005).

In this case, a *nunc pro tunc* order is not the proper remedy because the formal oral pronouncement entered by the trial court is ambiguous and erroneous and the trial court's intention as to the nature of Johnson's sentence is not clear from the record. The formal oral pronouncement of sentence is ambiguous and erroneous because it referred to Count II as a "misdemeanor theft" for which Johnson was "sentenced to six months," although every other part of the record (the substitute information; statements made by Johnson, the court, and the prosecutor at the plea and sentencing hearing; and the written judgment and sentence) indicated Count II was a count for class C felony stealing. *See State v. Johnson*, 220 S.W.3d 377, 384 (Mo. App. E.D. 2007) (finding trial court's statement made during oral pronouncement of sentence that defendant was a prior and persistent offender was ambiguous where it was the only reference to defendant's status during the sentencing hearing).

Having found that the trial court's formal oral pronouncement of sentence on Count II is ambiguous, the next step in our review is to examine the entire record to determine if the oral sentence can be unambiguously ascertained. *See Johnson*, 938 S.W.2d at 265. Unfortunately,

---

[3] As an alternative remedy, our Court has corrected and modified the trial court's written judgment ourselves so it reflects the oral sentence. *See, e.g., Harvey*, 348 S.W.3d at 172. While Johnson does not request that remedy here, we find that our analysis as to why it is not appropriate to remand this case for a *nunc pro tunc* order is dispositive of this alternative avenue of relief.

based upon the trial court's mistake in referring to Count II as a misdemeanor, coupled with the fact that the court orally sentenced Johnson to six months' imprisonment for each of his actual ten misdemeanors but orally sentenced him to five or twelve years' imprisonment for each of his seven felony counts except for Count II, we find the trial court's intended oral sentence for Count II cannot be unambiguously ascertained from the record. The record indicates it is possible that the trial court relied on its own misstatement that Count II was a misdemeanor and that the court was under the mistaken belief about the nature of Count II when it orally sentenced Johnson to six months on that count. *See Thomas v. Dormire*, 940 S.W.2d 10, 12 (Mo. App. W.D. 1997) (indicating the record may refute the presumption that a trial court will not be confused or misled by incorrect statements); *State v. Bommarito*, 856 S.W.2d 680, 684 (Mo. App. E.D. 1993) (indicating a trial court could be found to erroneously rely on an incorrect statement during sentencing if the court's statements or actions showed the court was under any misapprehension about the nature of the crimes for which a defendant was being sentenced or the corresponding range of punishment).

Based on the foregoing, we hold the appropriate remedy in this case is to remand for resentencing on Count II. *See Pettis v. State*, 212 S.W.3d 189, 194-96 (Mo. App. W.D. 2007) (finding the appropriate remedy was to remand for resentencing where the trial court sentenced appellant based on a mistaken belief regarding his parole eligibility). Point granted in part and denied in part.

### III.    CONCLUSION

The judgment of the motion court denying Johnson post-conviction relief is reversed, and Johnson's sentence on Count II, but not his conviction, is vacated. *Id*. at 196. Additionally, the

5

case is remanded with directions to resentence Johnson as to Count II only.[4] *Id.*

_[signature]_

ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J. concur.

---

[4] We note that because Johnson was a persistent offender, the sentencing range for Count II (a class C felony) is from "a special term not to exceed one year" to fifteen years. *See* section 558.011.2 RSMo Supp. 2004 (for a class C felony, a defendant may be imprisoned "for a special term not to exceed one year in the county jail or other authorized penal institution"); section 558.016.7(3) RSMo Supp. 2006 (a persistent offender found guilty of a class C felony may be sentenced to any sentence authorized for a class B felony); section 558.011.1(2) RSMo Supp. 2004 (providing the class B felony range is not to exceed fifteen years).