Gary M. Gaertner, Jr., Presiding Judge
Introduction
Joseph Robinson (Movant) appeals the judgment of the motion court denying in part his Rule 24.035[1] Motion after an evidentiary hearing. Movant argues the motion court clearly erred in failing to correct a material discrepancy between the plea court's oral pronouncement and its written order regarding Movant's sentence. We affirm.
Background
On March 9, 2015, Movant pled guilty to a total of 19 charges, which were numbered counts I through XVIII, and XXI.[2] There were six counts of the class A felony of robbery in the first degree (Counts III, V, VII, IX, XI, and XVII), eight counts of the unclassified felony of armed criminal action (Counts IV, VI, VIII, X, XII, XIV, XVI, and XVIII), one count of the class C felony of burglary in the second degree (Count I), two counts of the class C felony of stealing (Counts II and XXI), one count of the class B felony of attempted robbery in the first degree (Count XIII), and one count of the class B felony of assault in the first degree (Count XV). The plea court grouped the counts together according to the class of felony and sentenced Movant accordingly, starting with concurrent sentences of 15 years for each of the six class A first-degree robbery felonies. The plea court sentenced Movant to concurrent sentences of 20 years for each of the eight counts of armed criminal action, to run concurrently with all other counts. The plea court then addressed the class B felonies in Counts XIII and XV, sentencing Movant to concurrent terms of 15 years for each count, to run concurrently with all *447 other counts. The plea court concluded Movant's sentencing as follows:
And as to the class C felonies, Counts I, II, and XI, it will be the judgment and sentence of the Court that you be committed to the Missouri Department of Corrections for a term of five years on each of those counts.
All of those counts, again, will run concurrent with each other.
The plea court's written sentences for Movant reflected its oral pronouncements, except for this final group of class C felonies. The court's oral pronouncement listed Count XI among the class C felonies, though Count XI was one of the six class A felonies. Count XXI was the third class C felony, which the plea court did not mention explicitly in its oral pronouncement at all. In its written sentence, the plea court listed a 15-year sentence for Count XI and a five-year sentence for Count XXI.
Movant timely filed a motion for post-conviction relief under Rule 24.03 5, and later an amended motion through counsel, asserting several claims for relief. Among them, Movant argued that the plea court erred by entering written sentences for Counts XI and XXI that materially differed from the oral sentences the court pronounced at Movant's sentencing hearing. Movant further argued that the plea court erroneously made a finding in its written judgment that Movant was a prior and persistent offender, when the State had not charged Movant as a prior and persistent offender nor had the State presented evidence to support such a finding.
The motion court held an evidentiary hearing, after which it granted Movant's motion in part and denied it in part. The motion court agreed that the written judgment erroneously found Movant to be a persistent offender, and the court ordered that finding stricken from the judgment. Regarding sentencing for Counts XI and XXI, the motion court, who was also the plea court in this case, examined the record and determined that the singular pronouncement mentioning Count XI as a class C felony in the transcript was not sufficiently confusing or material in light of the rest of the transcript making clear that the court's intention was to sentence Movant as reflected in the written judgment. This appeal follows.
Standard of Review
Our review of the motion court's denial of Movant's Rule 24.035 Motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); Johnson v. State, 446 S.W.3d 274, 276 (Mo. App. E.D. 2014). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. Johnson, 446 S.W.3d at 276.
Discussion
Movant raises two points on appeal. First, he argues that the motion court clearly erred in failing to correct the sentences for Counts XI and XXI in this case, or alternatively, to resentence Movant for both counts, because the oral pronouncement materially differed from the written judgment, and the oral pronouncement controls. In Point II, Movant requests plain error relief regarding his convictions and sentences for the charged stealing offenses.
Point I
Movant argues that the motion court clearly erred in failing to amend the plea court's judgment to reflect the oral pronouncement at sentencing. We disagree.
*448 The general rule in Missouri Courts of Appeals has been that "where an oral pronouncement of [a defendant's] sentence is inconsistent with the written sentence, the oral pronouncement controls." Johnson v. State, 938 S.W.2d 264, 264 (Mo. banc 1997). The Missouri Supreme Court has declined to decide whether the oral pronouncement "always controls," but has held nevertheless that "such a rule can have no application where either: (1) the record shows that the oral sentence was not materially different from the written one, or (2) the judge has no discretion to pronounce a sentence different from the written sentence," Id. at 265. First, we must determine what the oral pronouncement actually was, and where it is "ambiguous or ... silent on a particular issue, nothing prevents an appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained." State v. Lazar, 182 S.W.3d 578, 580 (Mo. App. E.D. 2005) (quoting Johnson, 938 S.W.2d at 265 ).
Here, the sentences at issue are for Count XI, the class A felony of first-degree robbery, and Count XXI, the class C felony of stealing. Regarding Count XI, the plea court began its sentencing of Movant by pronouncing a 15-year sentence for each of the class A first-degree robbery felony counts, and then later concluded sentencing by announcing a five-year sentence for "the class C felonies, Counts I, II, and XI," though Count XI was a class A felony. Similarly, though Count XXI was one of the three class C felonies to which Movant pled guilty, the transcript has no mention of the plea court referring to Count XXI explicitly during sentencing. Under the circumstances, we must examine the entire record to determine whether we can unambiguously ascertain the plea court's oral sentence. Johnson, 938 S.W.2d at 265. We find that we can.
Here, before pronouncing sentence, the plea court clarified each of the counts and associated charges:
THE COURT: ... [L]et's go over and make sure I've got that correct ..., so it was six counts of robbery.... And those are ... Counts III, V, VII, IX, XI, and XVII.
[THE STATE]: Yes, sir.
THE COURT: Okay, And then we have eight counts of armed criminal action ... And those would be Counts IV, VI, VIII, X, XII, XIV, XVI, and XVIII.
[THE STATE]: Yes, sir.
THE COURT: And we have one count of burglary in the second, that's Count I?
[THE STATE]: Yes, sir.
THE COURT: Two counts of stealing, that's Counts II and XXI.
[THE STATE]: Correct.
THE COURT: Two counts of attempted robbery, that would be Counts XIII and Counts [sic ] XV.
[THE STATE]: No, your Honor. I'm sorry, Count XIII is attempted robbery and Count VX is assault first. It's the class B assault first.
THE COURT: But they're both Bs?
[THE STATE]: Yes, sir,
THE COURT: Okay. And that equals 19?
[THE STATE]: Yes, your Honor.
After clarifying the types of offenses associated with each count, the plea court proceeded to sentence Movant by each group of offenses in the same order. The court began as follows:
[I]t will be the judgment of the Court that as to the six class A felonies of robbery in the first degree, it will be the judgment and sentence that you receive 15 years on each of those six counts.
*449 We find this unambiguously establishes that the plea court orally pronounced a sentence of 15 years for Count XI, which is accurately reflected by the written judgment.
The plea court went on to sentence Movant for the eight counts of armed criminal action together, then for the class B felonies together, and finally for the class C felonies together. That final grouping reads as follows:
And as to the class C felonies, Counts I, II, and XI, it will be the judgment and sentence of the Court that you be committed to the Missouri Department of Corrections for a term of five years on each of those counts.
Count XI was not a class C felony, but was one of the six class A felonies; Count XXI was actually the third class C felony that should have been listed here. However, we do not believe this creates a material difference between the court's oral pronouncement and the written judgment in light of the whole record.
The court had already clarified the charges in each count, grouped according to the class of felony, and it is clear from the record the court intended to pronounce the same term of years for each charge in a particular group. The court sentenced Movant to 15 years for each of the class A felonies, which included Count XI. The court sentenced Movant to five years for each of the class C felonies, which included Count XXI, as noted by the court and confirmed by the State before the court began sentencing, despite the fact that in the sentencing pronouncement, Count XI is listed as the third class C felony rather than Count XXI.
While Movant argues this signifies the court's intention to sentence Movant to five years for Count XI and pronounce no sentence for Count XXI, we disagree. The plea court's intention regarding the six class A first-degree robbery felonies was clear. Moreover, the court had no discretion to pronounce a five-year sentence for a class A felony, as the minimum sentence for a class A felony is 10 years.[3] See Johnson, 938 S.W.2d at 265 (oral pronouncement does not control over written judgment where court would not have had discretion to pronounce sentence different from written sentence). Additionally, the court's deliberate clarification of each charge before sentencing refutes any argument that the court intended to pronounce no sentence at all for Count XXI Throughout both Movant's guilty plea sentencing transcripts, the court treated Movant's charges in groups by the class of felony. The clear explanation in light of the whole record is that the court's sentencing pronouncement regarding the class C felonies contains a simple typographical error or misstatement, neither of which disrupts the unambiguous oral pronouncement for each count established in light of the entire record.
After a review of the record, we find the plea court's oral pronouncement is consistent with the written judgment of Movant's sentence. Point denied.
Point II
Movant argues that the plea court plainly erred in enhancing his two stealing charges to felonies, in light of the Missouri Supreme Court's recent interpretation of the felony enhancement provisions of Section 573.030.3 in *450 State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016). Because this claim was not timely asserted in Movant's amended motion, we must deny Movant's point.
Movant timely filed his amended motion through counsel on January 25, 2016, within a 30-day extension period granted by the motion court. The motion court conducted the evidentiary hearing in this matter on June 30, 2016, after which it took Movant's motion under submission. On August 30, 2016, Movant's counsel filed a motion to supplement Movant's amended motion based on a change in law, and there is no entry in the docket sheet indicating the motion court ruled on Movant's motion to supplement. The motion court entered its judgment granting Movant's Rule 24.035 Motion in part and denying it in part on February 16, 2017.
Claims not included in a timely Rule 24.035 motion are waived. Rule 24.035(b); State v. Shafer, 969 S.W.2d 719, 738 (Mo. banc 1998). Further, "the time limits of Rule 24.035 are constitutionally firm and are mandatory." Bond v. State, 326 S.W.3d 828, 830 (Mo. App. E.D. 2010) (quoting Shafer, 969 S.W.2d at 741 ) (internal alterations omitted). "Arguments raised for the first time in a second amended motion filed after the time limit set out in Rule 24.035(g) are barred from consideration." Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc 2014). Further, the motion court has no authority to extend the deadline for an amended motion beyond the two 30-day extensions allowed by Rule 24.035(g).
Here, Movant sought to supplement his amended motion months after the deadline and any permissible extensions had expired. Though there is no indication in the record the motion court ruled on Movant's motion to supplement his Rule 24.035 Motion, the court would not have been permitted to consider any additional claims at that time. Thus, the motion court's judgment, addressing only the claims contained in Movant's original amended motion, was proper.
Movant requests nevertheless that we review his unpreserved claim for plain error under Rule 84.13, yet the Missouri Supreme Court has made clear Rule 84.13 does not apply to post-conviction judgments. Hoskins v. State, 329 S.W.3d 695, 697 (Mo. banc 2010) (abrogating prior cases exercising plain error review).[4] Point denied.
Conclusion
The motion court did not clearly err in denying Movant's motion because the plea court's written judgment did not materially differ from its oral pronouncement of Movant's sentence, Movant raises a claim in Point II that was not timely raised under Rule 24.035, thus we may not review it. The motion court's judgment is affirmed.
Robert M. Clayton III, J., concur.
Angela T. Quigless, J., concur.

All rule references are to Mo. R. Crim. P. (2015) unless otherwise indicated.

The State had charged Movant with a co-defendant, and counts XIX and XX related only to Movant's co-defendant.

Before Movant's guilty plea, the State had recited the range of punishment for each offense and Movant confirmed he understood. Regarding Count XI, the State said, "The range of punishment on the six robbery in the first degrees is 10 to 30 or life in the Missouri Department of Corrections."

This is not to say a movant who claims a trial court entered a sentence in excess of its authority has no relief. See State ex rel. Zinna v. State, 301 S.W.3d 510, 512 (Mo. banc 2010) (granting habeas relief despite petitioner failing to include claim in Rule 24.035 motion). While we express no opinion on the merits of Movant's claim for relief here, we note the Missouri Supreme Court's recent decision in State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500 (Mo. banc 2017) (holding Bazell has no retroactivity except to cases pending on direct appeal).