

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD35378 |
| | ) | Filed: August 1, 2019 |
| CORY JAMES SMITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Alan Blankenship, Associate Circuit Judge

**REMANDED WITH DIRECTIONS**

Cory Smith (Defendant) appeals from a judgment convicting him of two counts of the class B felony of child molestation in the first degree. *See* § 566.067.[1] The trial court sentenced Defendant as a prior offender to serve ten years in prison on each count. The court orally pronounced that the ten-year sentences were "to run *concurrently* with each other and with the sentence imposed that he's currently being incarcerated for." (Emphasis added.) The written judgment, however, incorrectly stated that the ten-year terms were to run *consecutively*. In Defendant's single point, he contends his case should be remanded

---

[1] All statutory references are to RSMo Cum. Supp. (2013). All rule references are to Missouri Court Rules (2019).

with directions for the trial court to correct the written judgment to conform to the oral pronouncement.  We agree.

The State concedes this case should be remanded.  At the sentencing hearing, the State recommended "ten- to twelve-year sentences on each [count], to run concurrent."  The trial court followed the State's recommendation during the oral pronouncement of Defendant's sentences, and the court's pronouncement is unambiguous.  *See Johnson v. State*, 446 S.W.3d 274, 276 (Mo. App. 2014) ("formal oral pronouncement controls if it is unambiguous").  The failure of the written judgment to accurately record Defendant's sentences as running concurrently was a clerical error correctable via *nunc pro tunc* order.  *Id*. at 277; *see State v. Liker*, 537 S.W.3d 405, 413 (Mo. App. 2018); *State v. Woods*, 357 S.W.3d 249, 256 (Mo. App. 2012); *see also* Rule 29.12(c) (permitting a trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission). "Remand is appropriate."  *Liker*, 537 S.W.3d at 413; *State v. Sanders*, 481 S.W.3d 907, 912 (Mo. App. 2016).  Defendant's point is granted.

We, therefore, remand to the trial court for the sole purpose of entering a *nunc pro tunc* order to correct the written judgment to reflect that Defendant's sentences are to run concurrently with each other and with the other sentence Defendant was serving at the time of sentencing.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

2