Robert R. WISDOM, Appellant,

v.

Nancy Jo WISDOM, Respondent.

No. WD 70930.

Missouri Court of Appeals,
Western District.

May 25, 2010.

As Modified June 29, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 2010.

Application for Transfer Denied
Aug. 31, 2010.

Dennis Owens and Jonathan Sternberg, Kansas City, MO, for Appellant.

Michael C. McIntosh, Independence, MO, for Respondent.

Before Division I: KAREN KING MITCHELL, Presiding Judge, and LISA WHITE HARDWICK and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Presiding Judge.

Robert R. Wisdom ("Husband") appeals from the judgment of the trial court dissolving the marriage between Husband and Nancy J. Wisdom ("Wife") and distributing the marital assets. In his single point on appeal, Husband claims that the trial court erred in exercising control over the assets of a company called Kansas City/River Market Produce, Inc., because the company was never properly made a party in that it was never served with a summons, nor did it appear in court voluntarily. We affirm the judgment of the trial court.

### Factual and Procedural Background[1]

Husband and Wife were married in 1984. All of their individual children, and the one child that they had together, are emancipated. In the Wisdoms' early married years, Husband worked in the fuel business and Wife was a full-time mother to Husband's three children, one of whom was disabled; Wife's two children; and the child that Husband and Wife had together.

In 1992, Husband was incarcerated for conspiracy to commit arson and for a drug-related charge. Husband was incarcerated until 1998. During the time of Husband's incarceration, Wife needed to support herself and the children, so, with her father, she became involved with produce sales in Kansas City's river market area, or "City Market." Husband's son, Ben, who was about to finish high school, also began to work in the produce business for one of Wife's cousins. In 1995, Ben went to college at the University of Missouri in Columbia, but would work selling produce when he was home on breaks. Wife continued to work in the produce business with her father and also sold some prepared foods. The family had success in the produce business, selling both wholesale, to area restaurants, and retail, in the City Market. When Husband was released from prison in 1998, he also entered the produce business. For at least some time, the family apparently worked together. Evidence was presented at trial showing that there was at one time a business in which Husband, Wife, Wife's father, and Ben each owned twenty-five percent.

Eventually, Husband effectively took over the business. Wife stopped working at the market because Husband was openly hostile and disrespectful to her there. Wife's father also became ill and, eventually, passed away in June of 2003. In July of 2003, tax documents show Husband owning fifty-five percent of the business and Ben owning forty-five percent, although neither Wife nor her father ever signed over any interest in the business to Husband or to Ben. Wife, who has an associate's degree, began working as a paraprofessional in the Kansas City school district.

In November of 2005, Husband and Wife separated. Husband and his son David, who is disabled, left the couple's home and lived in a hotel for "a while." At the time of trial, David was living in a state-run residential facility and Husband had moved in with Ben and Ben's daughter. Wife remained in the marital home.

At the time of trial, Kansas City/River Market Produce, Inc. had been administratively dissolved for failure to make appropriate filings. The trial court found that Husband essentially ran the business and that Ben was an employee.[2] Evidence

---

**1.** We review the facts in the light most favorable to the judgment of dissolution. *Coffman v. Coffman,* 300 S.W.3d 267, 270 (Mo.App. W.D.2009).

**2.** Although the tax records indicated that

showed that the business paid for: the house in which Husband and Ben lived; the Hummer that Ben drove; the Lincoln Navigator that Husband drove; cell phones used by Husband and his children; Husband's gambling activity; Husband's personal credit card debt; furniture for Husband's mistress and a deposit or application fee on her apartment; Husband's vacations abroad; educational expenses for Husband's children; and several vehicles driven by Husband's children and Ben's former girlfriend.

The trial court found that the business was marital property and awarded the business, which it found to have been valued at $283,501.00, to Husband. The court awarded Wife the marital home, along with the mortgage on the home. The court also ordered that two other properties in Husband's name, including the one in which Husband and Ben were living, be sold, with any equity going to wife. Husband was awarded several vehicles and some other assets, and Wife was awarded an equalization of assets payment of $284,006.31, attorney's fees and costs, and maintenance of $2,500 per month. Husband appeals.

## Standard of Review

■ In a dissolution proceeding, we affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Thomas v. Thomas*, 199 S.W.3d 847, 851 (Mo.App. S.D.2006). As to the court's division of marital property, we will reverse the trial court's decision only when the division so unfairly favors one party that it amounts to an abuse of discretion. *Id.* We review all evidence in the light most favorable to the ruling of the trial court and find an abuse of discretion only when the ruling is " 'clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration.' " *Id.* (quoting *In re Marriage of Holden*, 81 S.W.3d 217, 225 (Mo.App. S.D.2002)).

## Legal Analysis

■ Husband claims that the trial court erred in exercising control over the assets of Kansas City/River Market Produce, Inc., because the company was never properly made a party to the lawsuit in that it was never served with a summons nor did it appear in court voluntarily. Husband is correct that a court may not exercise control over property belonging to a corporation unless the corporation has been made a party to the action. *Comninellis v. Comninellis*, 99 S.W.3d 502, 508 (Mo.App. W.D.2003).

In this case, Wife filed a motion with the court to join Kansas City/River Market Produce, Inc., as a necessary party and for leave to file an amended counter-petition.

Husband owned fifty-five percent of the business and that Ben owned forty-five percent, Wife's expert, who testified at trial, stated:
We have a tax theory known as the Rules of Attribution. I believe it's Section 318 of the Internal Revenue Code. Under the Rules of Attribution, stock ownership held by certain members of the family are attributed to one another.
. . .
It was evident to me in my review of all of the documents and having seen hundreds of businesses, family businesses mostly. This is a family business and it is controlled by the patriarch of that family. From that experience that I have in looking at businesses, looking at family businesses, that alone suggested to me that I could and should attribute 100 percent of the stock ownership to Mr. Wisdom.
The trial court apparently credited Wife's expert's analysis of the effective ownership and control of the corporation.

The court granted the motion. At the time Wife sought to add Kansas City/River Market Produce, Inc. as a party, the corporation had been administratively dissolved. According to section 506.150.1(4), service upon a domestic corporation that has been dissolved may be accomplished by delivering a copy of the summons and petition to the last registered agent of the corporation or to the secretary of state. In its judgment, the trial court found that service upon Kansas City/River Market Produce, Inc., had been obtained "through the Registered Agent, Robert Wisdom, and his attorney of record." Husband challenges this factual finding, claiming that the court's order joining the corporation does not show that a summons was issued or served on the corporation and that the docket does not show issuance or service of summons or a return of summons from the corporation.

We find that regardless of whether service upon the corporation was ever obtained, the trial court's judgment is proper with respect to the award of assets. Even if Husband is correct, and the corporation was never made a party to the dissolution action, the failure to join the corporation was not error, as the trial court did not exercise control over any corporate assets. In the cases cited by Husband, including *Comninellis*, it is the *division* of corporate assets or liabilities that requires the corporation be made party to the litigation. 99 S.W.3d at 508. The trial court in this case did not divide any corporate assets or liabilities. It did not, for example, award one party the office equipment and inventory and award the other party the trucks. It also did not assign the accounts payable to one party and the lease obligation to the other. It simply found that the corporation, as a whole, was a marital asset.[3] It then assigned the entire corporation to Husband, including all of its assets and liabilities, and credited the value of the corporation as a marital asset awarded to Husband.[4]

Further, although the evidence shows that Husband paid for his personal assets with company funds, including real property and several automobiles, the real property and automobiles were all titled to Husband personally, and not to the company, and were all primarily for personal use of either Husband or his children. Accordingly, these other assets were not assets of the business, and therefore, the court did not divide any corporate assets when it awarded the automobiles to Husband and the equity in the real property to Wife. Similarly, although Husband used company funds to pay his personal credit cards, which were used to purchase items for Husband's use and for the use of his mistress and his children, the credit cards were issued in Husband's name, not the name of the business, and the debt was not business debt. Therefore, the trial court did not err by assigning the debt to Husband separate from the debts of the business.

## Conclusion

Because the trial court did not divide or otherwise exercise control over the assets

---

3. Although not addressed by the parties or by the trial court, we note that the corporate form may be disregarded to prevent injustice when the corporation is indistinct from the person that controls it. *Comninellis*, 99 S.W.3d at 514. Because of the extensive evidence that Husband comingled his personal finances with those of the business, the business might properly have been found to have been Husband's alter ego and the corporate form thus disregarded for purposes of the litigation.

4. The effect is the functional equivalent of having awarded Husband 100% of the stock in, or ownership of, the corporation. See *V.M. v. L.M.*, 526 S.W.2d 947, 952 (Mo.App. 1975).

or liabilities of Kansas City/River Market Produce, Inc., we find that the business was not required to have been made a party to the Wisdoms' dissolution action. Accordingly, Husband's point on appeal is denied, and the judgment of the trial court is affirmed.

LISA WHITE HARDWICK, Judge, and CYNTHIA L. MARTIN, Judge, concur.