Corrected July 30, 2015



# In the Missouri Court of Appeals
## Western District

DANIEL NAVARRO,                           )
                    Respondent,           )
v.                                        )          WD77820
                                          )
MARISA NAVARRO,                           )          FILED:  July 28, 2015
                    Appellant.            )

## APPEAL FROM THE CIRCUIT COURT OF PLATTE COUNTY
### THE HONORABLE WANDA A. HANSBROUGH, JUDGE

### BEFORE DIVISION THREE: KAREN KING MITCHELL, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

Marisa Navarro ("Wife") appeals from the judgment dissolving her marriage to Daniel Navarro ("Husband") and finding her to be in contempt of certain provisions in the judgment.  Because the circuit court failed to address and distribute one of the parties' assets, its judgment was neither final nor appealable. Therefore, we dismiss this appeal for lack of jurisdiction and remand the case to the circuit court for further proceedings.

### FACTUAL AND PROCEDURAL HISTORY

Husband and Wife were married in July 1991 and had two children.  They separated in 2012, after Husband filed a petition for dissolution of marriage.  In

response, Wife filed an answer and counter-petition. Both Husband and Wife requested an equitable division of the marital property.

Trial was held on the dissolution petition and counter-petition on May 1, 2013, and May 23, 2013. At the conclusion of the trial, the court announced its rulings concerning child custody, support, attorney's fees, and the division of property. Specifically, with regard to the marital property, the court stated that it wanted "the property divided between the parties at a 50/50 split." The court directed Husband to prepare a written judgment. The court entered the written judgment on June 24, 2013.

After the court entered the dissolution judgment, Husband filed a motion for contempt in which he asked the court to find Wife in contempt of a portion of the judgment concerning the disposition of the marital residence. Wife filed a response to the contempt motion and also filed a motion for new trial. One of Wife's allegations in her new trial motion was that the written judgment failed to distribute all of the marital assets, namely, Husband's retirement plan. During the trial, Husband testified on cross-examination that he "just found out" that his company had contributed to a 401(k) plan on his behalf and that it was worth $5673.68. He admitted that he failed to list this retirement plan on his statement of marital and non-marital assets and debts. On redirect examination, Husband said that he was unaware of the plan because he did not make any contributions to it; however, he confirmed that the plan existed and that his employer had been contributing to

2

it. The court's dissolution judgment did not address or divide Husband's 401(k) plan.

During arguments on Wife's motion for new trial, Husband's counsel represented to the court that Husband had no retirement plan to be divided. He also stated that he did not "recall any evidence ever being presented as far as retirement" because the 401(k) plan was not listed on Husband's statement of marital assets and debts. In response, Wife's counsel asserted that there was testimony "about a $5600 retirement plan that was not included" in the property division. The court entered an amended dissolution judgment on September 3, 2013, but the only change made to the property division concerned the disposition of the marital residence.

Wife filed a notice of appeal of the amended dissolution judgment and a second motion for new trial. In her second motion for new trial she alleged, among other things, that the amended dissolution judgment omitted Husband's 401(k) plan. After hearing arguments from counsel for both parties, the circuit court denied Wife's second motion for new trial. This court subsequently dismissed Wife's appeal of the amended dissolution judgment after finding that the judgment was not final and appealable because several issues in the case remained pending. These issues included Husband's contempt motion, his request for leave to file an amended contempt motion, and his request for attorney's fees on appeal.

After we dismissed Wife's appeal of the amended dissolution judgment, the circuit court allowed Husband to file an amended motion for contempt. In his

3

amended motion, Husband asked the court to hold Wife in contempt of the amended dissolution judgment for refusing to refinance or to vacate the marital residence, refusing to relinquish the personal property awarded to him, and refusing to pay his attorney's fees. Following a hearing, the court granted Husband's amended motion and found Wife to be in contempt of the amended dissolution judgment. Wife appeals the amended dissolution judgment and the contempt judgment.

## ANALYSIS

Although Wife raises five points on appeal, we dismiss her appeal without addressing the merits of her claims. In Points I, II, and V, Wife challenges the amended dissolution judgment's failure to divide the marital property equally between the parties. Wife specifically argues in Points I and V that the amended dissolution judgment failed to divide Husband's 401(k) plan, and she asks that the judgment be reversed and remanded so that the circuit court can divide all of the marital property.

Wife is correct that the circuit court must divide all marital property in a dissolution judgment. Section 452.330.1, RSMo 2000, requires the court in a dissolution proceeding to determine whether property is marital or non-marital and, if marital, divide it in a just manner. The circuit court's failure to classify and divide the parties' property deprives this court of jurisdiction over the appeal:

> "If [ ] undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because

4

the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken."

*Pollard v. Pollard*, 363 S.W.3d 386, 387 (Mo. App. 2012) (quoting *Meltzer v. Meltzer*, 775 S.W.2d 120, 120-21 (Mo. banc 1989)).

In this case, Husband testified that he had a 401(k) plan worth $5673.68. The original dissolution judgment did not classify and divide the plan or find that the plan did not exist. Although Wife brought the omission of the plan to the court's attention in her new trial motion, the court did not include the plan in its amended dissolution judgment. Wife raised the plan's omission from the amended dissolution judgment in her second new trial motion, which the court denied. Because the amended dissolution judgment did not classify and divide Husband's 401(k) plan or otherwise address the omission of the plan from the parties' property division, the amended dissolution judgment was not final and appealable. *Id*. at 387. Therefore, Wife's appeal of that judgment must be dismissed. *Id*.

We decline to address Wife's two points on appeal concerning the contempt judgment, as both challenges are premised on the entry of a contempt order to remedy Wife's failure to abide by a final amended dissolution judgment. It is thus unnecessary to determine whether the contempt judgment had become "final and appealable" by way of enforcement. See *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 780-81 (Mo. banc 2003). Because the amended dissolution judgment is not final, it is subject to revision or modification on all issues. As we explained in *Pollard*:

5

> The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. Because the trial court has not been divested of jurisdiction, that court retains control over every phase of the case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. Either or both parties will then have the right to appeal the circuit court's new decree of dissolution.

*Id.* at 387-88 (internal quotation marks and citations omitted).

## CONCLUSION

The appeal is dismissed for lack of a final judgment on the marital dissolution, and the cause is remanded to the circuit court, which retains jurisdiction to enter a new judgment covering the entire case. Within the exercise of that jurisdiction, the circuit court is hereby directed to classify and divide any undivided property, as required by Section 452.330.1, or make a specific finding that no such property exists.

Wife's request for attorney's fees on appeal is denied.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

6