

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **DANIEL NAVARRO,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | **WD79513** |
| **v.** | ) | |
| | ) | **OPINION FILED:** |
| | ) | **November 22, 2016** |
| **MARISA NAVARRO,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Platte County, Missouri
The Honorable James W. Van Amburg, Judge**

**Before Division Two:** Lisa White Hardwick, Presiding Judge, and
Karen King Mitchell and Anthony Rex Gabbert, Judges

Marisa Navarro (Wife) challenges the trial court's dissolution judgment, judgment of contempt for failing to turn over certain marital property to Daniel Navarro (Husband), and the trial court's distribution of marital property.[1]  Finding no error, we affirm.

## Background[2]

Husband and Wife were married in July 1991 and had two children during the marriage. They separated in 2012, after Husband filed a petition for dissolution of marriage.  In response,

---

[1] Wife has appealed this matter to us before, most recently in *Navarro v. Navarro*, 465 S.W.3d 912, 913 (Mo. App. W.D. 2015), from which we draw liberally for factual and procedural background without further attribution.

[2] "We view the evidence and all permissible inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences." *England v. England*, 454 S.W.3d 912, 915 n.1 (Mo. App. W.D. 2015) (quoting *Sparks v. Sparks*, 417 S.W.3d 269, 276 n.1 (Mo. App. W.D. 2013)).

Wife filed an answer and counter-petition. Both Husband and Wife requested an equitable division of the marital property.

A trial was held on the dissolution petition and counter-petition on May 1, 2013, and May 23, 2013. At the conclusion of the trial, the court made a number of oral statements concerning child custody, support, attorney fees, and the division of property. Specifically, with regard to the marital property, the court stated that it wanted "the property divided between the parties at a 50/50 split," and directed Husband's counsel to prepare a written judgment. The court entered the written judgment on June 24, 2013. Among other things, the judgment awarded the marital home to Wife on the condition that she refinance it and pay Husband half of the proceeds of refinancing in excess of the debt owed on the house. Specifically, the judgment "granted [Wife] until July 7, 2013 to refinance or vacate the residence." If Wife either failed or was unable to refinance the home, it was to be sold no later than August 23, 2013, with the proceeds to be divided equally between Husband and Wife. If the house was not refinanced or sold by August 23, 2013, the court indicated that it would "appoint a special master to oversee the sale of said real estate."

On July 16, 2013, Husband filed a motion for contempt, in which he asked the court to find Wife in contempt of the portion of the judgment concerning the disposition of the marital residence, in that Wife had not refinanced or vacated the home. Among other things, Husband requested that Wife be compelled to vacate the residence and ordered to pay costs and attorney fees associated with the contempt motion. Wife filed a response to the contempt motion and also filed a motion for new trial. One of Wife's allegations in her new trial motion was that the written judgment failed to distribute all of the marital assets, namely, Husband's retirement plan. The court entered an amended dissolution judgment on September 3, 2013, but the only change made

2

to the property division concerned the disposition of the marital residence, requiring that, if it is sold at a loss, the loss would be split evenly.

Wife filed a notice of appeal of the amended dissolution judgment and a second motion for new trial. In her second motion for new trial she again alleged, among other things, that the amended dissolution judgment omitted Husband's retirement plan. After hearing arguments from counsel for both parties, the circuit court denied Wife's second motion for new trial. This court subsequently dismissed Wife's appeal of the amended dissolution judgment after finding that the judgment was not final and appealable because Husband's contempt motion, his request for leave to file an amended contempt motion, and his request for attorney fees on appeal remained pending.

After Wife's first notice of appeal was dismissed, the circuit court allowed Husband to file an amended motion for contempt. In his amended motion, Husband asked the court to hold Wife in contempt of the amended dissolution judgment for refusing to refinance or to vacate the marital residence, refusing to relinquish personal property awarded to him, and refusing to pay his attorney fees as ordered in both dissolution judgments. Following a hearing, the court granted Husband's amended motion and found Wife to be in contempt of the amended dissolution judgment. Specifically, the court found that Wife had failed to refinance or vacate the marital residence by the deadline established by the judgment, that she had failed to surrender to Husband certain personal property, and that she had failed to pay $1,000 in attorney fees. As to the personal property and attorney fees, the Wife was ordered to comply with the terms of the judgment by August 8, 2014.[3] A special master was appointed to sell the real estate, with his fees and all expenses related to the sale to be paid out of the sale proceeds. Wife appealed both the amended dissolution judgment and the contempt judgment. This court again dismissed the appeal as not

---

[3] The sole exception to the court-ordered compliance was related to two pieces of personal property that had been awarded to Husband that Wife testified had either been sold or reclaimed by Husband.

3

final because the trial court had not divided Husband's retirement plan. *Navarro v. Navarro*, 465 S.W.3d 912, 915 (Mo. App. W.D. 2015).

On remand, the trial court entered a second amended dissolution judgment, which made no changes to the division of marital property other than dividing Husband's retirement plan equally. The second amended judgment set monetary values for the residence, vehicles, retirement plan, and debts, but did not state values for much of the personal property. Wife appeals both the second amended judgment and the contempt judgment.

**Standard of Review**

"We will affirm the trial court's judgment of dissolution of marriage unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Herschend v. Herschend*, 486 S.W.3d 346, 351 (Mo. App. S.D. 2015). "We view the evidence and permissible inferences therefrom in the light most favorable to the trial court's judgment and disregard all contrary evidence and inferences." *Id*. "The court is free to disbelieve any, all, or none of the evidence, and we may not re-evaluate the evidence through our own perspective." *Id*.

**Analysis**

In her six points, Wife claims that the trial court erred in: (1) failing to divide the marital assets equally, in accordance the trial court's oral pronouncement at trial; (2) overruling Wife's motion for new trial without hearing evidence, which would have showed that the assets were not divided equally per the trial court's oral pronouncement; (3) finding Wife in contempt of the amended judgment of dissolution because the judgment was "a nullity due to [the] failure to accurately recite the [trial] court's previous, unambiguous oral pronouncement"; (4) finding Wife in contempt, because Husband's motion for contempt was not an authorized after-trial motion; (5)

4

finding Wife in contempt, because the amended judgment, upon which she was held in contempt, was not a final judgment; and (6) dividing the marital assets in a manner that unfairly favors Husband.

## I. Whether the judgment conforms to the trial court's oral pronouncements does not affect the judgment's validity.

Because Wife's first two points both depend on her contention that the second amended judgment is "a nullity" due to its failure to strictly follow the trial court's oral pronouncements, we review those claims together.

Neither party requested written findings. While a trial court must make findings on child custody, *J.D. v. L.D.*, 478 S.W.3d 514, 517 (Mo. App. E.D. 2015), "[u]nless a request is made, the trial court is not required to make specific findings as to the value of items of marital property." *Steele v. Steele*, 423 S.W.3d 898, 908 (Mo. App. S.D. 2014) (quoting *In re Marriage of Rippee*, 862 S.W.2d 493, 494 (Mo. App. S.D. 1993)). Nevertheless, the trial court did enter a lengthy judgment, in which it made gratuitous findings as to the value of much of the marital property and debts, though it did not set values for the personal property.

Wife argues that the trial court unambiguously pronounced at trial that the marital property should be divided evenly, but she claims that the judgment failed to do so. Wife argues that, due to its failure to comply with the oral pronouncement, the judgment is "a nullity."[4] For support, wife cites *Johnson v. State*, 446 S.W.3d 274 (Mo. App. E.D. 2014), a post-conviction relief case addressing a criminal sentence, in which the court correctly noted that, "[w]hen a [trial] court's written sentence materially differs from the formal oral pronouncement of sentence, the formal

---

[4] Of course "the Initial Judgment was rendered a nullity with the entry of the First Amended Judgment, and the First Amended Judgment was rendered a nullity with the entry of the Second Amended Judgment." *State ex rel. Mo. Parks Ass'n v. Mo. Dep't of Nat. Res.*, 316 S.W.3d 375, 382 (Mo. App. W.D. 2010); Rule 78.07(d). But this is not the ground upon which Wife challenges the judgment. The trial court also entered a Judgment of Contempt, but it is clear that Wife's first two points on appeal are not addressing the contempt judgment.

oral pronouncement controls if it is unambiguous." *Id*. at 276. Wife claims that *Johnson* is "analogous" to the present situation.

Wife's reliance on a case addressing sentencing in a criminal context is misplaced. Here, the court entered a civil judgment. And in civil matters, "Rule 73.01(c) requires that when there are no written findings, the evidence shall be considered as having been found in accordance with the result reached; in other words, in the light most favorable to the judgment." *Harvey v. Dir. of Revenue*, 371 S.W.3d 824, 828 (Mo. App. W.D. 2012) (internal quotation omitted). Indeed, Wife's reliance on criminal procedure is particularly troubling because "there is no analogue to Rule 73.01(c) in Missouri's rules of criminal procedure." *State v. Renfrow*, 495 S.W.3d 840, 849 n.2 (Mo. App. W.D. 2016) (Ahuja, P.J., dissenting). Under Rule 73.01(c), "the general rule [is] that 'oral comments should not be considered where findings of fact and conclusions of law have not been requested but are gratuitously provided by the trial court.'" *Scholz v. Schenk*, 489 S.W.3d 306, 311 (Mo. App. W.D. 2016) (quoting *Harvey*, 371 S.W.3d at 827). "Gratuitous 'oral pronouncements,'" such as the one made at trial, "are not part of the trial court's order or judgment and may be considered only as an explanation of the order or judgment." *Id.* (quoting *Harvey*, 371 S.W.3d at 828). "Certainly, [w]here a judgment is ambiguous, uncertain, or incomplete, an appellate court may properly look . . . to the contemporaneous oral statement of the judge, [insofar] as the same may throw light upon the view the court took of the case during its progress and at the time of its [judgment]." *Id*. at 312 (internal quotations omitted). But Wife does not allege that the written judgment is ambiguous, uncertain, or incomplete as it relates to the distribution of property. Rather, she simply seems to believe that the written judgment is inconsistent with the court's earlier oral pronouncement.

6

Wife is left with nothing supporting her contention that the judgment is "a nullity," based on the alleged failure to follow the trial court's oral statements. This "failure to cite any authority supporting [her] position [is] sufficient to deny [Wife's] claim." *WCT & D, LLC v. City of Kansas City*, 476 S.W.3d 336, 343 (Mo. App. W.D. 2015). Wife points to no analogue in civil cases, and offers "no argument why we should disregard the general rule that 'oral comments should not be considered where findings of fact and conclusions of law have not been requested but are gratuitously provided by the trial court.'" *Scholz*, 489 S.W.3d at 311 (quoting *Harvey*, 371 S.W.3d at 827).

Even if we were to assume that the judgment failed to divide the marital property equally in accordance with the trial court's oral pronouncement at trial—a finding we do not make—we reject Wife's claim that this failure rendered the second amended judgment "a nullity." Because Wife's first two points both rely on this unfounded argument, they are denied.

## II.    The order of contempt is not final.

Because Wife's third through fifth points all challenge the trial court's contempt judgment, we also review these points together. In her third point, Wife again argues that the judgment upon which she was held in contempt—the first amended dissolution judgment—is a nullity due to the failure to follow the trial court's oral pronouncements.[5] In her fourth point, Wife argues that the trial court erred in finding Wife in contempt, because Husband's motion for contempt was not an authorized after-trial motion. In her fifth point, Wife argues that the contempt judgment was erroneous because the first amended dissolution judgment, on which the contempt judgment is

---

[5] Although not critical to our analysis, we note that we do not agree with Wife's conclusion that the written judgment is inconsistent with the court's oral statement that it intended to divide the marital property evenly. "[T]he trier of fact has the right to believe or disbelieve [either] party's . . . evidence." *England*, 454 S.W.3d at 919 (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010)). Accordingly, it is sufficient to note that the trial court simply may not have believed that the valuations of the distributed personal property were what Wife argues they should have been and, instead, believed that the second amended judgment did dispose of the property equally.

based, was not a final judgment for purposes of appeal.[6]  Because the contempt judgment is not final for purposes of appeal, we dismiss the points.

"If a judgment of contempt is not final, 'this Court lacks jurisdiction and must dismiss the appeal.'" *Davis v. Davis*, 475 S.W.3d 177, 181 (Mo. App. W.D. 2015) (quoting *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 780 (Mo. banc 2003)).  And "civil contempt orders, even if denominated as a 'judgment,' are not final for purposes of appeal until they are enforced, either through the imposition of fines or imprisonment."  *In re Estate of Pethan*, 475 S.W.3d 722, 729 n.6 (Mo. App. W.D. 2015).  "When 'enforcement' occurs depends on the remedy."  *Crow*, 103 S.W.3d at 781.  "When the remedy is a fine, the contempt order is 'enforced' when the moving party executes on the fine."  *Id*.  "When the remedy is imprisonment, the traditional rule is that the contempt order is 'enforced' when there is 'actual incarceration pursuant to a warrant [or order] of commitment.'"  *Id*. (quoting *In re Marriage of Beaver*, 954 S.W.2d 717, 721 (Mo. App. S.D. 1997)).

---

[6] Wife again offers no relevant authority in support of these points.  As to Wife's third point, as noted above, Wife has provided no authority for her assertion that the failure to follow oral pronouncements renders a civil judgment a nullity.  In her fourth point, Wife offers authority that a motion for contempt is not an authorized after-trial motion, but no authority that a motion for contempt must be such a motion.  Wife apparently erroneously believes that every motion filed after judgment is entered must be an authorized after-trial motion.  While a contempt "proceeding is auxiliary to the main case in that it proceeds out of the original case, it is essentially a new and independent proceeding in that it involves new issues and must be initiated by the issuance and service of new process."  *Reed v. Reed*, 10 S.W.3d 173, 180 (Mo. App. W.D. 1999) (quoting *Odom v. Langston*, 213 S.W.2d 948, 951 (Mo. banc 1948)).  On the other hand, an authorized after-trial motion "extends the circuit court's control over its judgment for up to 90 days from the date the motion was filed."  *Developers Sur. & Indem. Co. v. Woods of Somerset, LLC*, 455 S.W.3d 487, 491 (Mo. App. W.D. 2015) (quoting *Hanna v. Hanna*, 446 S.W.3d 753, 755 (Mo. App. W.D. 2014)).  Thus, the two motions have wholly separate objectives: a contempt motion creates a new proceeding, while an authorized after-trial motion extends the trial court's jurisdiction over the pending proceeding.

Similarly, in her fifth point, Wife offers authority in support of only her contentions that neither the initial judgment nor the amended judgment were final, appealable judgments—facts of which this court is well aware, having dismissed Wife's prior two appeals for precisely those reasons.  *Navarro*, 465 S.W.3d at 914, 915.  But Wife offers no authority suggesting that contempt is available only to compel compliance with final, appealable judgments.  "The purpose of a civil contempt order is to compel compliance with the relief granted in an *order*, judgment, or decree."  *Jones v. Jones*, 296 S.W.3d 526, 528 (Mo. App. W.D. 2009) (emphasis added).  And under Missouri Supreme Court Rule 74.02, "Every direction of a court made or entered in writing and not included in a judgment is an order."  An order, by definition, is not a final judgment, yet is enforceable by civil contempt.  Wife's argument that contempt is applicable only to final judgments therefore fails.

Here, the judgment of contempt contains neither fines nor an order of commitment. Indeed, it orders Wife only to do what she was previously ordered to do in the initial and the first amended judgment, without imposing any actual punishment. Wife points to nothing in the record showing that she was ever under the threat of either imprisonment or any monetary penalty arising from the contempt judgment, much less that Husband ever executed on any monetary penalty or that the trial court ever issued an order of commitment.[7] Accordingly, the contempt judgment is not final and we dismiss Wife's third through fifth points.

### III.     Trial court did not abuse its discretion is distributing the property.

In her final point, Wife argues that the trial court abused its discretion because the "judgment divides the marital assets and debts in a manner which clearly and unfairly favors one party." We disagree.

"Section 452.330, which governs the division of property in a dissolution proceeding, mandates a two-step process to be followed by the trial court: (1) the court must first set aside to each spouse his or her non-marital property; and (2) then divide the marital property." *Nelson v. Nelson*, 25 S.W.3d 511, 516-17 (Mo. App. W.D. 2000). In dividing the marital property, the trial court must "consider[] all relevant factors" set forth in § 452.330 in determining a proper division of the marital property.

---

[7] Wife does claim in her statement of facts that Husband "execute[d] on the" contempt judgment, presumably referring to Husband showing up at the residence with local law enforcement to collect his personal belongings. Wife never makes this argument in the argument section of her brief and has waived it. "Any claim of error . . . which is not addressed in the appellant's argument is deemed waived." *In re M.B.R.*, 404 S.W.3d 389, 394 (Mo. App. S.D. 2013) (quoting *G.J.R.B. ex rel. R.J.K. v. J.K.B.*, 269 S.W.3d 546, 559 (Mo. App. S.D. 2008)). Nevertheless, "[e]xecution efforts to enforce a coercive fine are distinguishable . . . from execution efforts to enforce the underlying payment obligation giving rise to the contempt order." *Emmons v. Emmons*, 310 S.W.3d 718, 724 n.4 (Mo. App. W.D. 2010). "Collection efforts to enforce payment obligations . . . are not 'enforcement' mechanisms designed to coerce performance of the contempt order," and are insufficient to make a contempt judgment final for purposes of appeal. *Id.* Rather, contempt judgments "are not final for purposes of appeal until they are enforced, either through the imposition of fines or imprisonment." *In re Estate of Pethan*, 475 S.W.3d 722, 729 n.6 (Mo. App. W.D. 2015).

Wife does not cite § 452.330 or any of its factors, nor does she offer any analysis or argument as to how the trial court failed to adequately consider any factor. Rather, Wife simply claims that Husband was awarded, after subtracting debt, $9,935.50, while Wife received only $5,334.50. Without argument or citation to authority, Wife then jumps to the conclusion that the distribution "is sufficiently excessive, is so unfairly favorable to one party, as to constitute an abuse of the trial court's discretion."

There are a number of holes in Wife's argument, not the least of which is that she has failed to include any of the trial exhibits, establishing the value of various property, in the record on appeal. Instead, Wife points to various asset-and-income statements that were attached to the parties' pleadings or produced in her appendix. But "we have no way of confirming that . . . any . . . exhibit attached to a pleading, is identical in form to the corresponding exhibit introduced at trial." *R.K. Matthews Inv., Inc. v. Beulah Mae Hous., LLC*, 379 S.W.3d 890, 893 n.2 (Mo. App. W.D. 2012). And "[t]he appendix is not part of the legal file or otherwise part of the record on appeal." *Curry Inv. Co. v. Santilli*, 494 S.W.3d 18, 30 n.9 (Mo. App. W.D. 2016) (quoting *Bison Park Dev., LLC v. N. Am. Sav. Bank, F.S.B.*, 399 S.W.3d 877, 882 n.7 (Mo. App. W.D. 2013)). "It is the appellant's burden to supply the record necessary for our review." *R.K. Matthews*, 379 S.W.3d at 893 n.2 (quoting *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 357 (Mo. App. W.D. 2012)). "Where . . . exhibits are not made a part of the record on appeal, such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appeal." *Id.* (quoting *Wagner*, 368 S.W.3d at 357).

Further, even if Wife had filed the exhibits, the trial court was not required to believe the entirety of either party's evidence. *See* note 5, *supra*. Moreover, at trial, Wife admitted that she pawned a gold chain and bracelet belonging to Husband because "he [did] not deserve [them]."

10

According to the numbers Wife has provided in her appendix, those items are valued at a combined $5,000. With $5,000 deducted from Husband's total, Wife actually received the greater portion of the marital assets. In any event, there is no requirement that a trial court distribute all marital assets and debts equally. Rather, the trial court "shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors." § 452.330.1. And we will reverse the trial court's distribution of property "only when the division so unfairly favors one party that it amounts to an abuse of discretion." *Kelly v. Kelly*, 340 S.W.3d 673, 676 (Mo. App. W.D. 2011) (quoting *Wisdom v. Wisdom*, 316 S.W.3d 499, 501 (Mo. App. W.D. 2010)). Wife is unable to point to anything in the record showing that the trial court either failed to adequately review all of the factors or abused its discretion.

Wife's final point is denied.

**Conclusion**

Finding no error, we affirm the trial court's second amended judgment of dissolution.

_____
Karen King Mitchell, Judge

Lisa White Hardwick, Presiding Judge, and
Anthony Rex Gabbert, Judges, concur.

11